**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE AMAKA NWOKORO TRUST,<br><br>Plaintiff,<br><br>v.<br><br>BHG STRUCTURED SETTLEMENTS, INC. and BERKSHIRE HATHAWAY LIFE INSURANCE COMPANY OF NEBRASKA,<br><br>Defendants. | Civil Action No.<br><br>17-9801 (SDW) (LDW)<br><br>**REPORT & RECOMMENDATION** |

## **LEDA DUNN WETTRE, United States Magistrate Judge**

This matter, having been opened by the Court *sua sponte* based on the failure of plaintiff Chukwuemeka Nwokoro as Trustee for the Amaka Nwokoro Trust to comply with the Court's May 3, 2018 Order to Show Cause (ECF No. 18), and for good cause shown, it is respectfully recommended that plaintiff's Complaint be stricken and that the case be dismissed without prejudice.

## **BACKGROUND**

Plaintiff commenced this action by counsel on May 11, 2017 in the Superior Court of New Jersey, Essex County, Law Division. *See* ECF No. 1-1. Plaintiff alleged defendants failed to pay the entire value of an annuity purchased on behalf of the Amaka Nwokoro Trust and still owed plaintiff $181,212.13. *Id.* Plaintiff asserted claims for breach of contract and unjust enrichment. *Id.* Defendants removed the action to this Court on October 27, 2017. ECF No. 1. The Court held a telephonic scheduling conference on January 31, 2018 and issued a Pretrial Scheduling Order that set a telephone status conference for April 4, 2018. *See* ECF No. 13. Plaintiff failed to appear at the April 4, 2018 conference, and the Court adjourned the conference to May 2, 2018. ECF No.

15. After plaintiff's second failure to appear at the May 2, 2018 telephone conference, the Court issued an Order directing plaintiff to appear in person on May 16, 2018, and to show cause why default should not be entered against him and his Complaint stricken under Federal Rule of Civil Procedure 16(f). ECF No. 18. Defense counsel appeared by telephone with the Court's permission at the Show Cause hearing, but plaintiff did not appear at all and did not contact the Court to request an adjournment or explain his absence.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes the Court to strike a party's pleading or dismiss an action as sanction for failure to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). Rule 16(f) empowers the Court to impose the same sanctions against a party who fails to appear at a pretrial conference or to comply with a pretrial order. Fed. R. Civ. P. 16(f)(1); *see also Ramada Worldwide, Inc. v. Veer Enters., LLC*, Civ. No. 10-6480 (ES), 2013 WL 1314451, at *2 (D.N.J. Mar. 28, 2013).

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. *Id.* at 868. The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor

2

is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P. 16(f). *See* Fed. R. Civ. P. 16(f)(1) ("On motion *or on its own*, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference; [or] . . . fails to obey a scheduling or other pretrial order."); *Mindek*, 964 F.2d at 1372–75; *Foreman v. Previziz*, Civ. No. 13-5807 (SDW), 2015 WL 1931453, at *1–2 (D.N.J. Apr. 27, 2015).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that plaintiff alone is responsible for his failure to comply with this Court's Orders to appear for multiple telephone conferences and an Order to Show Cause hearing. Plaintiff's failure to comply demonstrates a willful decision to disregard the Court's Orders.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's Orders has prejudiced defendants' ability to defend themselves in this action. The Third Circuit holds that prejudice in this context does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, with plaintiff's failure to participate and communicate with this Court and opposing counsel, defendants are prevented from presenting their defenses and concluding the action.

**3. History of Dilatoriness.** Plaintiff repeatedly has failed to appear or otherwise respond to the Court's Orders, and thus has demonstrated a history of dilatoriness.

**4. Willfulness or Bad Faith.** Having no information about the reasons for plaintiff's

3

unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or conclude whether it was undertaken in bad faith. The circumstances, taken as a whole, however, suggest that plaintiff has abandoned his case.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, and despite this Court's warning of the consequences of his continued inaction, plaintiff has failed to participate in and prosecute his case. On these facts, no lesser sanction would be effective. *See Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008).

**6. Meritoriousness of the Claims.** Given the preliminary stage of the action when plaintiff became unresponsive, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court Orders, including an Order to show cause why his case should not be dismissed, which demonstrates a pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes his inability or refusal to comply with pretrial orders and his failure to adequately prosecute this matter.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's Complaint be stricken and the matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: May 18, 2018

*Leda D. Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

4